**UNITED STATES ex rel. MARSINO v. ANDERSON, U. S. Marshal, etc., et al.**

(District Court, N. D. Illinois, E. D. March 11, 1927.)

No. 36199.

1. **Habeas corpus** ⬤⟲109—**Prisoner held not entitled to discharge on claim of expiration of term while absent from prison on writ ad testificandum.**

A prisoner, brought from a federal penitentiary on a writ of habeas corpus ad testificandum, requiring his return after giving his testimony, will not be discharged in habeas corpus proceedings on his claim that, deducting his allowance for good behavior, his sentence has expired, but must be returned in accordance with the command of the writ on which he was taken.

2. **Habeas corpus** ⬤⟲45(2)—**Federal court held without jurisdiction to pass on validity of conviction of defendant in court of another state.**

A federal court held without jurisdiction to pass on the validity of the conviction of a de-

fendant in a state court of another state, which has been affirmed by the highest court of the state, and proceedings for review by the Supreme Court of the United States dismissed.

Habeas Corpus. Petition for writ by Joseph Biata Marsino against Palmer Anderson, United States Marshal, etc., and others. Petition dismissed.

James J. Barbour and Lee O'Neil Browne, both of Chicago, Ill., for petitioner.

George E. Q. Johnson, U. S. Dist. Atty., of Chicago, Ill., for respondent.

CLIFFE, District Judge. This matter is before the court on a writ of habeas corpus filed by the petitioner Joseph Marsino. It appears that on November 16, 1923, petitioner was committed to the United States penitentiary at Atlanta, Ga., to serve a term of four years and three months at hard labor; it also appears that this petitioner was in May, 1924, sentenced by the superior court of Worcester county of the commonwealth of Massachusetts to serve a term of seven years on a conviction by a jury on the charge of grand larceny and conspiracy.

It further appears that the said sentence and conviction was affirmed by the Supreme Judicial Court of the commonwealth of Massachusetts, and the United States Supreme Court dismissed an appeal by this petitioner from the decision of the Supreme Judicial Court of Massachusetts. It further appears that the commitment issued by the superior court of the commonwealth of Massachusetts against this petitioner was lodged with the warden of the United States penitentiary at Atlanta, Ga., to be served upon this petitioner as soon as he was discharged from said penitentiary.

It further appears that on the 8th of February, 1927, a petition was filed in bankruptcy proceeding No. 37389, Northern district of Illinois, Eastern division, requesting this court to issue a writ of habeas corpus ad testificandum, commanding the warden of the penitentiary at Atlanta, Ga., to produce this petitioner before Harry A. Parkin, referee in bankruptcy for the Northern district of Illinois, so that this petitioner might be examined in the bankruptcy proceedings aforementioned. It was represented in said petition that this petitioner was a material witness in said bankruptcy proceedings, and that as soon as he was examined he would be safely returned to the penitentiary at Atlanta, Ga., from whence he came.

It was not represented to the court that this petitioner was under sentence by the superior court of Worcester county, Mass., as aforesaid; nor was it represented or disclosed to the court that the examination of this petitioner would be delayed from time to time, so that this petitioner would be prevented from serving his sentence at the penitentiary at Atlanta, Ga., or prevented from having the commitment of the superior court of Worcester county, Mass., served upon him.

It further appears that a writ of habeas corpus ad testificandum was issued by this court on the 8th day of February, 1927, and that this writ provided in effect that this petitioner be brought before Harry A. Parkin, referee as aforesaid, to testify as a witness in the bankruptcy aforesaid, and on completion of this testimony be safely and securely returned to the penitentiary at Atlanta from whence he came. It further appears that this petitioner was brought to Chicago pursuant to said writ on February 11, 1927, and that he was detained here for more than 10 days, whereas it appears he could have given full and complete testimony in a few hours.

It is now claimed that his sentence at the penitentiary at Atlanta, Ga., has expired, taking into consideration the petitioner's good behavior while at said penitentiary, and to substantiate said claim a letter has been produced, purporting to be signed by the warden of the penitentiary at Atlanta, Ga., purporting to state that the petitioner's sentence has expired because of good behavior.

It is further claimed that the petitioner's conviction by the superior court of Worcester county, Mass., is illegal, despite the admitted fact that said conviction and sentence has been affirmed by the Supreme Judicial Court of Massachusetts, and on appeal therefrom dismissed by the Supreme Court of the United States. This petitioner is now asking this court to amend its writ of habeas corpus ad testificandum, so that this petitioner will not be required to return to the penitentiary at Atlanta, Ga.

[1] The court finds that this petitioner was sentenced to the penitentiary at Atlanta, Ga., for a period of four years and three months by the United States District Court of Massachusetts on or about November 14, 1923. This sentence on its face has not expired; whether or not the petitioner is entitled to his discharge because of good behavior while a prisoner at the penitentiary is not a question that this court can rightfully pass upon. This court must insist that its original writ of habeas corpus ad testificandum be obeyed; and, it appearing that petitioner's testimony in said bankruptcy proceedings has been

completed, it is ordered that he be safely and securely returned to the penitentiary at Atlanta, Ga., in compliance with said writ there to be dealt with according to law.

[2] The court further finds that it has no jurisdiction to pass upon the legality of petitioner's conviction and sentence in the superior court of Worcester county, Mass. His rights in that respect can be adequately protected by proper proceedings in Massachusetts.

The process of the United States court cannot be used as a guise or a pretext to prevent the proper administration of justice, and the court exceedingly regrets that all of the material facts were not disclosed when the application for writ of habeas corpus ad testificandum was made. To grant petitioner's claim would not only be improper, but would open the door to the most flagrant obstruction of justice by persons lawfully convicted of crime.

It is therefore ordered that the marshal of this district forthwith safely and securely return the petitioner herein to the United States penitentiary at Atlanta, Ga., from whence he came in compliance with said writ of habeas corpus ad testificandum, and the petition for habeas corpus filed herein by this petitioner is hereby stricken and dismissed.